UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS, BEAUMONT DIVISION

| | |
|---|---|
| AGGREKO, LLC | § |
| | § Civil Action No.: |
| Plaintiff, | § |
| | § Division: |
| VS. | § |
| | § Section: |
| CHARTIS SPECIALTY INSURANCE | § |
| COMPANY N/K/A AIG SPECIALTY | § |
| INSURANCE COMPANY | § |
| Defendant. | § |

## DEFENDANT AIG SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant AIG Specialty Insurance Company f/k/a Chartis Specialty Insurance Company ("ASIC") respectfully files this Notice of Removal to effect removal of the proceeding entitled *Aggreko, LLC v. Chartis Specialty Insurance Company n/k/a AIG Specialty Insurance Company*, Case No. D-198648 in the 136th Judicial District Court for Jefferson County, Texas, to the United States District Court for the Eastern District of Texas, Beaumont Division, pursuant to 28 U.S.C. § 1332 and § 1441 because the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional limit, as described below.

## GROUNDS FOR REMOVAL

1. On June 22, 2016, Plaintiff Aggreko, LLC filed the proceeding entitled *Aggreko, LLC v. Chartis Specialty Insurance Company n/k/a AIG Specialty Insurance Company*, Case No. D-198648, against Defendant ASIC in the 136th Judicial District Court for Jefferson County, Texas seeking a declaratory judgment under the Texas Uniform Declaratory Judgment Act, TEX. CIV. PRAC. & REM. CODE. §§ 37.001-37.011. ASIC is the only named defendant in the state court

proceeding. Plaintiff did not demand a jury in state court. A copy of Plaintiff's Petition, with service documents included, is attached as **Exhibit A**.

2. ASIC was served with the above referenced Petition through the Texas Secretary of State on July 1, 2016. *See* **Exhibit A**. Defendant files this Notice of Removal within the 30 day time period provided by 28 U.S.C. 1446(b).

3. This action involves citizens of different states. Specifically, upon information and belief, at the time of commencement of this action in Jefferson County and since that time, Plaintiff Aggreko, LLC was and still is a Delaware limited liability company whose sole member is Aggreko USA, LLC, a Delaware limited liability company whose members are (1) Aggreko US Limited, a United Kingdom registered limited company with its principal place of business in Scotland, and (2) Aggreko Holdings, Inc., a Delaware corporation with its principal place of business in New Iberia, Louisiana. Aggreko Holdings, Inc. is also the sole owner/member of Aggreko US Limited. Because citizenship of a limited liability company is determined by the citizenship of its members, Plaintiff Aggreko is a citizen of Delaware and Louisiana.[1] *See* **Exhibit A** and Secretary of State Records, attached as **Exhibit B**.

4. Defendant AIG Specialty Insurance Company f/k/a Chartis Specialty Insurance Company was, at the time of commencement of this action in Jefferson County, and still is an insurance company duly incorporated and authorized to do business in Illinois, with its principal place of business in New York. *See* Illinois Department of Insurance Record, attached as **Exhibit C**. Thus, ASIC is a citizen of Illinois and New York. Accordingly, there is complete diversity of citizenship between the parties.

---

[1] For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all the members. *Hockessin Holdings, Inc. v. Ocwen Loan Servicing, LLC*, 4:15CV704, 2016 WL 1046270, at *1 (E.D. Tex. Mar. 16, 2016). For the purposes of diversity jurisdiction, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business. *Id.*

5. In the state court proceeding, Plaintiff is seeking a declaratory judgment that it is entitled to insurance coverage for wrongful death claims asserted against it in an underlying lawsuit entitled *Brenek, et. al. v. Aggreko, LLC, et al.*, Case No. 196603 pending in Jefferson County, Texas. *See* **Exhibit A** ¶ 7. Plaintiff is seeking insurance coverage for claims in excess of $1 million in addition to damages and attorney's fees for anticipatory breach of contract. *See* **Exhibit A** ¶ 9. In actions seeking declaratory relief, it is "well established that the amount in controversy is measured by the value of the object of the litigation."[2] Therefore, the amount in controversy, exclusive of interest and costs, is in excess of $75,000, the required jurisdictional amount.

6. Because the parties are diverse in citizenship and the amount in controversy exceeds the required jurisdictional amount, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Therefore, this action should be removed from the 136th Judicial District Court for Jefferson County, Texas to the United States District Court for the Eastern District of Texas, Beaumont Division.

## VENUE

7. Venue is proper in the Eastern District of Texas, Beaumont Division, pursuant to 28 U.S.C. § 1441(a) because it is the district and division embracing the place where the action is currently pending, Jefferson County, Texas.

## NOTICE AND CERTIFICATION

8. Pursuant to 28 U.S.C. § 1446(d), ASIC is, concurrently with the filing of this Notice of Removal, serving a copy of this Notice of Removal and all attachments on Plaintiff and filing

---

[2] *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013).

a copy of the Notice of Removal and all attachments with the Clerk of Court for the 136th Judicial District Court for Jefferson County, Texas.

9. Pursuant to 28 U.S.C. § 1446(a), ASIC is attaching copies of all process, pleadings, and orders in the state court proceeding. *See* **Exhibit A**. All of the information and documents required by Local Rule CV-81 are attached as **Exhibit D**.

10. Pursuant to Fed. R. Civ. P. 11, undersigned counsel certify that they have read the foregoing Notice of Removal, and to the best of their knowledge, information and belief, formed after a reasonable inquiry under the circumstances, it is well grounded in fact, warranted by existing law, and not being presented for any improper purpose.

11. ASIC hereby reserves all defenses, whether in law or fact.

12. ASIC reserves the right to supplement or amend this Notice of Removal.

## CONCLUSION

Defendant, AIG Specialty Insurance Company f/k/a Chartis Specialty Insurance Company respectfully prays that the proceeding entitled *Aggreko, LLC v. Chartis Specialty Insurance Company n/k/a AIG Specialty Insurance Company,* Case No. D-198648 in the 136th Judicial District Court for Jefferson County, Texas, be removed to the United States District Court for the Eastern District of Texas, Beaumont Division, pursuant to 28 U.S.C. § 1332 and § 1441, that this Court recognize and exercise its jurisdiction over this suit in all further proceedings, that all proceedings in the 136th Judicial District Court for Jefferson County be terminated, and that the Court grant any other relief, whether general or special, in law or in equity, which this Court deems appropriate.

Respectfully submitted,

_____
Robert I. Siegel (T.A.)
Texas State Bar No. 24054171
rsiegel@glllaw.com
Margaret V. Glass
mglass@glllaw.com
Texas State Bar No. 24091315
Gieger, Laborde & Laperouse, L.L.C.
5151 San Felipe, Suite 750
Houston, Texas 77056
Telephone:  (832) 255-6000
Facsimile:   (832) 255-6001
ATTORNEYS FOR DEFENDANT AIG SPECIALTY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was served upon the following parties or their attorneys, in a manner authorized by the Federal Rules of Civil Procedure this 21 day of July, 2016.

Michael W. Huddleston
Rebecca R. Mower
500 North Akard Street, Suite 3800
Dallas, Texas 75201
214.855.7500 Main Tel.
214.855.7572 Direct Tel.
214.855.7584 Main Fax
mhuddleston@munsch.com
rmower@munsch.com

_____
Margaret V. Glass