FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
6/22/2016 12:23:51 PM
JAMIE SMITH
DISTRICT CLERK
D-198648

NO. _____

| | | |
|---|---|---|
| AGGREKO, LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| CHARTIS SPECIALTY INSURANCE | § | |
| COMPANY n/k/a AIG SPECIALTY | § | |
| INSURANCE COMPANY | § | |
| | § | |
| Defendant. | § | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Aggreko, LLC, Plaintiff, complains of Chartis Specialty Insurance Company n/k/a AIG Specialty Insurance Company and for causes of actions shows:

### DISCOVERY CONTROL PLAN

1. Plaintiff requests that discovery be conducted under Level 2 pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### PARTIES

2. Plaintiff Aggreko, LLC ("Aggreko") is a foreign corporation authorized to do business in the state of Texas.

3. Defendant Chartis Specialty Insurance Company n/k/a AIG Specialty Insurance Company ("Chartis") is foreign insurance company organized and existing under the laws of the State of Illinois. Defendant is eligible to conduct insurance business in Texas as a surplus lines carrier. Its home office or principal place of business is 175 Water Street, 18th Floor, New York, NY 10038. Chartis/AIG may be served with process pursuant to TEX. INS.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
July 21, 2016
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith
Page 1 of 9

PLAINTIFF'S ORIGINAL PETITION  Page 1

EXHIBIT A

CODE § 804.106 by serving the Texas Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079. The policy lists the address of the person to whom process should then be mailed as: Counsel, Legal Department, Chartis Specialty Insurance Company, 175 Water Street, New York, New York 10038.

## JURISDICTION

4. This Court has subject matter jurisdiction over this action pursuant to the Texas Uniform Declaratory Judgment and TEX. CIV. PRAC. & REM. CODE. §§ 37.001-37.011.

5. The Court has jurisdiction over Defendant because it conducts business in the State of Texas and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas.

## VENUE

6. Venue is proper in Jefferson County, Texas because all or a substantial part of the events and omissions giving rise to Plaintiff's claims arose in Jefferson County, Texas (TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1)) and because related litigation is pending in the 172th Judicial District Court in Jefferson County, Texas.

## BACKGROUND FACTS

**B.  The Underlying Claim and Agreement to Procure Additional Insured Coverage**

7. Aggreko is a defendant in a wrongful death and survival suit pending in Jefferson County, Texas, namely *Brenek, et. al, Aggreko, LLC, et al*, cause number 196603 ("Underlying Lawsuit"). Therein, Aggreko is alleged to be liable for the death of James Andrew "Drew" Brenek, II, an oilfield worker who



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
July 21, 2016
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith
Page 2 of 9

was allegedly electrocuted by equipment owned by Aggreko. That equipment had been leased by Aggreko to Guichard Operating Co., Inc. ("Guichard") under an agreement that required Guichard to provide additional insured liability coverage to Aggreko. The relevant contract, titled "AGGREKO NORTH AMERICA RENTAL AGREEMENT TERMS & CONDITIONS," which defines Aggreko as the lessor and Guichard as the lessee, includes the following provision addressing insurance:

> 11. INSURANCE: Lessee shall at Lessee's own expense and for all relevant periods maintain: (i) commercial general liability insurance to protect Lessee and Lessor against damage to property or persons from the operation, handling and use of the Equipment during the rental period with minimum coverage of $1,000,000 per occurrence/$2,000,000 general aggregate . . . Lessee shall cause its insurer to issue an endorsement identifying that all insurance identified in Section 11 shall be primary to that of Lessor to the extent of Lessee's obligations herein and that Lessee and its insurer agree to waive their subrogation rights with respect thereto . . . Lessee shall cause Lessor and Lessor's vendor to be named as an additional insured on each such policy. . . .

C. **The Relevant Insurance Policies and Insurers' Responses to Aggreko's Tenders**

8. When it was sued in the Underlying Lawsuit, Aggreko tendered the pleadings to Guichard's insurers, requesting additional insured coverage. The Gray Insurance Company ("Gray") provides liability coverage to Guichard under policy number XSGL-074071 for the period July 15, 2013 through August 1, 2016 ("Gray Policy"). The Gray Policy includes a $1 million per-occurrence limit of liability, subject to a $50,000 self-insured retention. *Gray has provided an unconditional defense to and has agreed to indemnify Aggreko in the Underlying*


I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
July 21, 2016
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith  Page 3 of 9

PLAINTIFF'S ORIGINAL PETITION   Page 3

EXHIBIT A

*Lawsuit as an additional insured.* The underlying Plaintiffs seek amounts in excess of the Gray policy limits.

9. Chartis insured Guichard under a commercial umbrella liability policy, number BE 012071607, for the policy period July 15, 2013 through August 1, 2014 ("Chartis Policy"). The Chartis Policy sits above various kinds of policies, including the Gray policy, and provides various kinds of insurance, including commercial general liability insurance. It includes a $5 million per-occurrence limit of liability that is subject to a $1 million per-occurrence "retained limit." *Chartis has denied that Aggreko is an additional insured under the Chartis Policy.* The underlying Plaintiffs have pled for and sought recovery for injuries that would clearly involve an award of damages in excess of the Chartis policy and the underlying limits of the Gray policy.

10. In correspondence dated August 6, 2015, Chartis stated that there "is no coverage for Aggreko as an additional insured under the ASIC policy." On January 20, 2016, and on June 3, 2016, Chartis rejected Aggreko's arguments and authorities that it was an additional insured under the Chartis Policy. Chartis stated on both occasions that it "maintain[ed] its position that it has no obligation to Aggreko for the Brenek Plaintiffs' claims." Chartis denied Aggreko additional insured status and coverage for two reasons: (1) "the Aggreko contract does not require additional insured status under excess or umbrella policies," and (2) the $1 million in coverage provided to Aggreko by Gray fully satisfies the insurance provisions of the Guichard/Aggreko contract. As noted, Aggreko has disputed Chartis' position, and it seeks Chartis' coverage under the Chartis Policy along

PLAINTIFF'S ORIGINAL PETITION — Page 4

EXHIBIT A

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
July 21, 2016
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith
Page 4 of 9

with participation and contribution in resolving the underlying suit. Chartis has rejected Aggreko's arguments and authorities showing additional insured coverage under the Chartis Policy and has not contributed or properly participated in settlement relating to the underlying action.

D. **Relevant Provisions of the Chartis Policy**

11. The Chartis Policy includes at least two separate paths to coverage for additional insureds. One route depends upon qualifying as an additional insured under the underlying Gray policy terms. Thus, the Chartis policy follows the form of coverage provided under the Gray policy. The other route sets forth a mechanism by which a party can become an additional insured "under this policy," the Chartis policy.

   a. **Qualification Under The Gray Policy**

The Chartis Policy's definition of the term "insured" makes it clear that one who is an additional insured under an underlying policy is also an additional insured under the Chartis Policy:

> M. Insured means:
>
> 7. any person or organization, other than the Named Insured, including as an additional insured under Scheduled Underlying Insurance, but not for broader coverage than would be afforded by such Scheduled Underlying Insurance.

   b. **Qualification Under "This Policy" (The Chartis Policy)**

12. The Chartis Policy includes an endorsement (Number 30) that adds a paragraph 8 to the definition of "insured" in Section M. This paragraph 8 creates a new and different path to coverage under the Chartis policy, not under



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
July 21, 2016
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith
Page 5 of 9

the Gray or underlying policy. The endorsement and its terms do not in any way purport to modify the other sections of the definition of "insured."

The endorsement states:

> 8. Section VII. DEFINITIONS. Paragraph M. is amended to include the following additional subparagraph:
>
>> 8. Any person or organization to whom you become obligated to include as an additional insured **_under this policy_**, as a result of any contract or agreement you enter into which requires you to furnish insurance to that person or organization **_of the type provided by this policy_**, but only with respect to liability arising out of your operations, including Your Work and Your Product, or premises owned by or rented to you. However, the insurance provided will not exceed the lesser of:
>>
>>> a. The coverages and Limits of Insurance of this policy or
>>>
>>> b. The coverage and Limits of Insurance required by said contract or agreement.
>
> However, no such person or organization is an Insured by virtue of this provision 8. of this Paragraph M. of Section VII. if such person or organization is a partnership, joint venture or limited liability company of which the Named Insured is a partner or member, or is a partner or member of such partnership, joint venture or limited liability company.

Endorsement Number 30 does not purport to alter in any way paragraph 7 of Section M, the first route to additional insured coverage under the Gray policy. It likewise in no way seeks to impose its limitations on other sections of the definition of "insured."

13. The body of the Chartis Policy also includes a "limitations of coverage" provision related to additional insureds:



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
July 21, 2016
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith
Page 6 of 9

E.  Subject to Paragraphs B. and C. above, the most we will pay for damages under this policy on behalf of any person or organization **_to whom you are obliged by written Insured Contract to provide insurance such as is afforded by this policy_** is the lesser of the Limits of Insurance shown in Item 3. or the Declarations or the minimum Limits of Insurance you agreed to procure in such written Insured Contract.

This limitation has no application to coverage provided for one qualifying as an additional insured under paragraph 7 of the definition of "insured." It is limited to qualification under the Chartis policy based upon an obligation "to provide insurance such as is afforded by this policy . . . ."

## CAUSE OF ACTION FOR DECLARATORY RELIEF

14. Pursuant to TEX. CIV. PRAC. & REM. CODE § 37.001, et. seq. Aggreko seeks declarations related to the relative rights and responsibilities of Chartis and Aggreko under the Chartis Policy.

15. First, Aggreko seeks declarations that Aggreko is an additional insured under the Chartis Policy for purposes of the Underlying Lawsuit. Aggreko qualifies by virtue of the plain language of Section M, paragraph 7 of the definition of "Insured." Because Aggreko is undisputedly an additional insured on the Gray Policy, which sits below the Chartis Policy, Aggreko is an additional insured under the clear terms of paragraph 7 of Section M. Alternatively, and additionally and separately, Aggreko is an additional insured under the Chartis Policy by virtue of Endorsement Number 30's addition of paragraph 8 to the definition of "Insured." Because Guichard was required to provide additional insured coverage to Aggreko of the type of insurance provided by the Chartis


I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
July 21, 2016
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith   Page 7 of 9

PLAINTIFF'S ORIGINAL PETITION                                    Page 7

EXHIBIT A

Policy, Aggreko is an additional insured under the clear terms of paragraph 8 of Section M.

16. Second, Aggreko seeks a declaration that the Chartis Policy's "limitations of coverage" provision E, quoted above, does not apply when one is an additional insured pursuant to paragraph 7 of Section M. That is, under paragraph 7 of Section M, Aggreko is an additional insured under the Chartis Policy because it is an additional insured under the Gray Policy. As such, Paragraph E's limitation that references an insured contract is immaterial to Aggreko's coverage under the Chartis Policy.

17. Third, Aggreko seeks a declaration that to the extent Aggreko is not entitled to the full $5 million limits of the Chartis Policy, which proposition Aggreko disputes, Chartis is not entitled to any credit for coverage provided by the Gray Policy. That is, the Chartis Policy's coverage obligations to Aggreko – in particular the limits available to Aggreko - must be evaluated on their own merits without regard to payments that may be made by Gray.

18. Finally, Aggreko seeks a declaration that the Chartis policy is ranked second in line to the Gray policy and prior in line to any other available coverage.

## CAUSE OF ACTION FOR BREACH OF CONTRACT

19. All conditions and requirements of the Chartis policy have been satisfied. Chartis has wrongfully denied that Aggreko is entitled to coverage as an additional insured for the Underlying Lawsuit and it has refused to properly participate in the settlement of the underlying suit. Because Aggreko is, in fact,

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
July 21, 2016
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith
Page 8 of 9

PLAINTIFF'S ORIGINAL PETITION          Page 8

EXHIBIT A

entitled to that coverage, Chartis' denial is an anticipatory breach of the insurance contract for which Aggreko has suffered damages and as to which it seeks attorneys' fees.

## PRAYER

20. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court declare: (1) Aggreko is an additional insured under the Chartis Policy for purposes of the Underlying Lawsuit; (2) Chartis Policy's "limitations of coverage" provision E does not apply to Aggreko Because Aggreko is an additional insured under the Chartis Policy because it is an additional insured under the Gray Policy, not because of the Guichard/Aggreko contract; (3) In calculating the limits of insurance available to Aggreko, Chartis is not entitled to any credit for coverage provided by the Gray Policy; and (4) that the Chartis policy is ranked behind Gray but prior to any other available coverage. Plaintiff additionally requests an award of costs of suit, attorneys' fees, and such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

MUNSCH HARDT KOPF & HARR, P.C.

By: _____
Michael W. Huddleston
State Bar No. 10148415
Rebecca R. Mower
State Bar No. 24033985
500 North Akard Street, Suite 3800
Dallas, Texas 75201
214.855.7500 Main Tel.
214.855.7572 Direct Tel.
214.855.7584 Main Fax
mhuddleston@munsch.com
rmower@munsch.com



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
July 21, 2016
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith
Page 9 of 9



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Certified Document Number: 1642243 Total Pages: 9

**In accordance with Texas Government Code 51.301 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail districtclerk@co.jefferson.tx.us**

**EXHIBIT A**