UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS, BEAUMONT DIVISION

| | | |
|---|---|---|
| AGGREKO, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:16-cv-297 |
| | § | |
| CHARTIS SPECIALTY INSURANCE | § | |
| COMPANY n/k/a AIG SPECIALTY | § | |
| INSURANCE COMPANY | § | |
| | § | |
| Defendant. | § | |
| | § | |

## FIRST AMENDED COMPLAINT

Aggreko, LLC, Plaintiff, complains of Chartis Specialty Insurance Company n/k/a AIG Specialty Insurance Company and for causes of actions shows:

### PARTIES

1.      Plaintiff Aggreko, LLC ("Aggreko") is a foreign corporation authorized to do business in the state of Texas.

2.      Defendant Chartis Specialty Insurance Company n/k/a AIG Specialty Insurance Company ("Chartis") is foreign insurance company organized and existing under the laws of the State of Illinois who has already appeared herein.

### JURISDICTION

3.      This case was removed from Texas state court by Chartis on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.

### VENUE

4.      Venue is proper in the Eastern District of Texas, Beaumont Division, pursuant to 28 U.S.C. § 1441(a) because it is the district and division embracing the place where the action was initially filed in state court, Jefferson County, Texas

## BACKGROUND FACTS

**A.    The Underlying Claim and Agreement to Procure Additional Insured Coverage**

5.    Aggreko is a defendant in a wrongful death and survival suit pending in Jefferson County, Texas, namely *Brenek, et. al, Aggreko, LLC, et al*, cause number 196603 ("Underlying Lawsuit").   Therein, Aggreko is alleged to be liable for the death of James Andrew "Drew" Brenek, II, an oilfield worker who was allegedly electrocuted by equipment owned by Aggreko. That equipment had been leased by Aggreko to Guichard Operating Co., Inc. ("Guichard") under an agreement that required Guichard to provide additional insured liability coverage to Aggreko.   The relevant contract, titled "AGGREKO NORTH AMERICA RENTAL AGREEMENT TERMS & CONDITIONS," which defines Aggreko as the lessor and Guichard as the lessee, includes the following provision addressing insurance:

> 11.    INSURANCE:   Lessee shall at Lessee's own expense and for all relevant periods maintain: (i) commercial general liability insurance to protect Lessee and Lessor against damage to property or persons from the operation, handling and use of the Equipment during the rental period with minimum coverage of $1,000,000 per occurrence/$2,000,000 general aggregate . . . Lessee shall cause its insurer to issue an endorsement identifying that all insurance identified in Section 11 shall be primary to that of Lessor to the extent of Lessee's obligations herein and that Lessee and its insurer agree to waive their subrogation rights with respect thereto . . . Lessee shall cause Lessor and Lessor's vendor to be named as an additional insured on each such policy. . . .

**B.    The Relevant Insurance Policies and Insurers' Responses to Aggreko's Tenders**

6.    When it was sued in the Underlying Lawsuit, Aggreko tendered the pleadings to Guichard's insurers, requesting additional insured coverage.   The Gray Insurance Company ("Gray") provides liability coverage to Guichard under policy number XSGL-074071 for the period July 15, 2013 through August 1, 2016 ("Gray Policy").   The Gray Policy includes a $1 million per-occurrence limit of liability, subject to a $50,000 self-insured retention.   *Gray had provided an unconditional defense to and had agreed to indemnify Aggreko in the Underlying Lawsuit as an additional insured.*   The underlying Plaintiffs seek amounts in excess of the Gray policy limits.

7.     On or about February 8, 2017, Gray reached an agreement with the underlying plaintiffs that they would be paid the remaining policy limits in exchange for a covenant not to execute against Aggreko and its past, present and future directors, officers, employees, parent companies, direct or indirect subsidiaries and subsidiaries thereof, affiliates, divisions, members, attorneys, stockholders (in their capacity as such), predecessors, successors and assigns.  Gray informed Aggreko that it had, by the payments in question, exhausted its policy limits and that it would cease its defense of Aggreko in the Underlying Lawsuit as of March 11, 2017.

8.     Gray has in fact ceased to defend Aggreko.  Indian Harbor Insurance Company ("Indian Harbor"), under whose primary commercial general liability policy Aggreko is a named insured, has agreed to provide a defense to Aggreko in the Underlying Litigation.  Indian Harbor has also filed a second, related insurance coverage case that is now pending before this Court under the caption *Indian Harbor Insurance Company v. The Gray Insurance Company,* No. 1:17—CV—00080—MAC ("Indian Harbor Action").   Therein, Indian Harbor, as subrogee of Aggreko, seeks declarations regarding the legal effect of Gray's payments in the Underlying Litigation and declarations regarding Gray's ongoing coverage obligations to Aggreko.

9.     Chartis insured Guichard under a commercial umbrella liability policy, number BE 012071607, for the policy period July 15, 2013 through August 1, 2014 ("Chartis Policy").  The Chartis Policy sits above various kinds of policies, including the Gray policy, and provides various kinds of insurance, including commercial general liability insurance. It includes a $5 million per-occurrence limit of liability that is subject to a $1 million per-occurrence "retained limit."  *Chartis has denied that Aggreko is an additional insured under the Chartis Policy.* The underlying Plaintiffs have pled for and sought recovery for injuries that would clearly involve an award of damages in excess of the Chartis policy and the already-paid limits of the underlying Gray policy.

10.    In correspondence dated August 6, 2015, Chartis stated that there "is no coverage for Aggreko as an additional insured under the ASIC policy."  On January 20, 2016, and on June 3, 2016, Chartis rejected Aggreko's arguments and authorities that it was an additional insured under the Chartis Policy. Chartis stated on both occasions that it "maintain[ed] its position that it has no obligation to Aggreko for the Brenek Plaintiffs' claims." Chartis denied Aggreko additional insured status and coverage for two reasons: (1) "the Aggreko contract does not require additional insured status under excess or umbrella policies," and (2) the $1 million in coverage provided to Aggreko by Gray fully satisfies the insurance provisions of the Guichard/Aggreko contract.  As noted, Aggreko has disputed Chartis' position, and it seeks defense and indemnity under the Chartis Policy for the Underlying Lawsuit. Chartis has rejected Aggreko's arguments and authorities showing additional insured coverage under the Chartis Policy and has not contributed or properly participated in settlement relating to the Underlying Lawsuit.

11.    To date, Chartis has not communicated a position regarding whether it is willing to participate in the defense of the Underlying Lawsuit in light of the payment by Gray and Gray's abandonment of Aggreko's defense.

## C.    Relevant Provisions of the Chartis Policy

12.    The Chartis Policy includes at least two separate paths to coverage for additional insureds.  One route depends upon qualifying as an additional insured under the underlying Gray policy terms. Thus, the Chartis policy follows the form of coverage provided under the Gray policy. The other route sets forth a mechanism by which a party can become an additional insured "under this policy," the Chartis policy.

### a.      Qualification Under The Gray Policy

The Chartis Policy's definition of the term "insured" makes it clear that one who is an additional insured under an underlying policy is also an additional insured under the Chartis Policy:

> **M.      Insured means:**
>
> 7.      any person or organization, other than the Named Insured, including as an additional insured under Scheduled Underlying Insurance, but not for broader coverage than would be afforded by such Scheduled Underlying Insurance.

### b.      Qualification Under "This Policy" (The Chartis    Policy)

13.      The Chartis Policy includes an endorsement (Number 30) that adds a paragraph 8 to the definition of "insured" in Section M. This paragraph 8 creates a new and different path to coverage under the Chartis policy, not under the Gray or underlying policy.  The endorsement and its terms do not in any way purport to modify the other sections of the definition of "insured."

The endorsement states:

> 8.      Section VII. DEFINITIONS. Paragraph M. is amended to include the following additional subparagraph:
>
>> 8.      Any person or organization to whom you become obligated to include as an additional insured _**under this policy**_, as a result of any contract or agreement you enter into which requires you to furnish insurance to that person or organization _**of the type provided by this policy**_, but only with respect to liability arising out of your operations, including Your Work and Your Product, or premises owned by or rented to you. However, the insurance provided will not exceed the lesser of:
>>
>>> a.      The coverages and Limits of Insurance of this policy or
>>>
>>> b.      The coverage and Limits of Insurance required by said contract or agreement.
>>
>> However, no such person or organization is an Insured by virtue of this provision 8. of this Paragraph M. of Section VII. if such person or organization is a partnership, joint venture or limited liability company of which the Named Insured is a partner or member, or

is a partner or member of such partnership, joint venture or limited liability company.

Endorsement Number 30 does not purport to alter in any way paragraph 7 of Section M, the first route to additional insured coverage under the Gray policy.  It likewise in no way seeks to impose its limitations on other sections of the definition of "insured."

14.    The body of the Chartis Policy also includes a "limitations of coverage" provision related to additional insureds:

E.    Subject to Paragraphs B. and C. above, the most we will pay for damages under this policy on behalf of any person or organization ***to whom you are obliged by written Insured Contract to provide insurance such as is afforded by this policy*** is the lesser of the Limits of Insurance shown in Item 3. or the Declarations or the minimum Limits of Insurance you agreed to procure in such written Insured Contract.

This limitation has no application to coverage provided for one qualifying as an additional insured under paragraph 7 of the definition of "insured."  It is limited to qualification under the Chartis policy based upon an obligation "to provide insurance such as is afforded by this policy . . . ."

## CAUSE OF ACTION FOR DECLARATORY RELIEF

15.    Aggreko seeks declarations related to the relative rights and responsibilities of Chartis and Aggreko under the Chartis Policy.

16.    First, Aggreko seeks declarations that Aggreko is an additional insured under the Chartis Policy for purposes of the Underlying Lawsuit.  Aggreko qualifies by virtue of the plain language of Section M, paragraph 7 of the definition of "Insured."  Because Aggreko is undisputedly an additional insured on the Gray Policy, which sits below the Chartis Policy, Aggreko is an additional insured under the clear terms of paragraph 7 of Section M. Alternatively, and additionally and separately, Aggreko is an additional insured under the Chartis Policy by virtue of Endorsement Number 30's addition of paragraph 8 to the definition of "Insured."  Because Guichard was required to provide additional insured coverage to Aggreko of

the type of insurance provided by the Chartis Policy, Aggreko is an additional insured under the clear terms of paragraph 8 of Section M.

17.     Second, Aggreko seeks a declaration that the Chartis Policy's "limitations of coverage" provision E, quoted above, does not apply when one is an additional insured pursuant to paragraph 7 of Section M.  That is, under paragraph 7 of Section M, Aggreko is an additional insured under the Chartis Policy because it is an additional insured under the Gray Policy. As such, Paragraph E's limitation that references an insured contract is immaterial to Aggreko's coverage under the Chartis Policy.

18.     Third, Aggreko seeks a declaration that to the extent Aggreko is not entitled to the full $5 million limits of the Chartis Policy, which proposition Aggreko disputes, Chartis is not entitled to any credit for coverage provided by the Gray Policy.  That is, the Chartis Policy's coverage obligations to Aggreko – in particular the limits available to Aggreko - must be evaluated on their own merits without regard to payments made by Gray.

19.     Fourth, Aggreko seeks a declaration as to whether or not Gray's payments to the claimants in the Underlying Lawsuit exhausted the limits of the Gray policy and invoked coverage and duty to defend under the Chartis policy.

20.     Finally, Aggreko seeks a declaration that the Chartis policy is ranked second in line to the Gray policy and prior in line to any other available coverage.

### CAUSE OF ACTION FOR BREACH OF CONTRACT

21.     All conditions and requirements of the Chartis policy have been satisfied. Chartis has wrongfully denied that Aggreko is entitled to coverage as an additional insured for the Underlying Lawsuit and it has refused to properly participate in the defense and settlement of the Underlying Lawsuit.  Whether or not Gray's payments to the claimants in the Underlying Lawsuit was proper, Gray's decisions to pay and to stop defending Aggreko in the Underlying Lawsuit triggers Chartis's defense obligations as to the Underlying Lawsuit.  Because Aggreko

is, in fact, entitled to a defense and indemnity from Chartis, Chartis's denial is a breach of the insurance contract for which Aggreko has suffered damages and as to which it seeks attorneys' fees.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court declare: (1) Aggreko is an additional insured under the Chartis Policy for purposes of the Underlying Lawsuit; (2) Chartis Policy's "limitations of coverage" provision E does not apply to Aggreko Because Aggreko is an additional insured under the Chartis Policy because it is an additional insured under the Gray Policy, not because of the Guichard/Aggreko contract; (3) In calculating the limits of insurance available to Aggreko, Chartis is not entitled to any credit for coverage provided by the Gray Policy; (4) Whether or not Gray's payments to the underlying claimants in the Underlying Lawsuit exhausted the Gray policy and triggered Chartis's defense obligations as to the Underlying Lawsuit; (5) The Chartis policy is ranked behind Gray but prior to any other available coverage. Plaintiff also seeks an award for damages resulting from Aggreko's failure to defend Plaintiff in the Underlying Lawsuit.  Plaintiff additionally requests an award of costs of suit, attorneys' fees, and such other and further relief to which Plaintiff may be justly entitled.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issued triable before a jury.

Respectfully submitted,


By:    */s/Michael W. Huddleston*
Michael W. Huddleston
State Bar No. 10148415
MUNSCH HARDT KOPF & HARR, P.C.
500 North Akard Street, Suite 3800
Dallas, Texas 75201
214.855.7500 Main Tel.
214.855.7572 Direct Tel.
214.855.7584 Main Fax
mhuddleston@munsch.com


First Amended Complaint                                                                 Page 8
4849-1546-4774v.2 016295.00001

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following individuals who by rule have consented to accept this Notice as service of this document by electronic means:

Robert I. Siegel
Margaret V. Glass
Gieger, Laborde & Laperouse, L.L.C.
5151 San Felipe, Suite 750
Houston, Texas 77056
rsiegel@glllaw.com
mglass@glllaw.com


                                            /s/Michael W. Huddleston
                                            Michael W. Huddleston